### Grace Belle Black, Appellee, v. Cosmopolitan Life Insurance Company, Appellant.

### Gen. No. 8,533.

 Opinion filed February 1, 1932.

MILES A. TIPSWORD, RUFUS M. POTTS and C. W. ARMSTRONG, for appellant.

A. C. & BEN F. ANDERSON and HERBERT S. ANDERSON, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Grace Belle Black, appellee, recovered a judgment against Cosmopolitan Life Insurance Co., appellant, on a policy of life insurance issued to Vernon Asa Black, her husband, in his lifetime, as the beneficiary therein in the sum of $1,217.

On August 17, 1927, the assured made his application for insurance in the American Benefit Life Insurance Co. and paid his premiums to that company until July 1, 1929, when he received a policy from the Cosmopolitan Life Insurance Co., appellant. This latter policy contained the following provisions:

"This policy is issued and accepted in lieu of American Benefit Life Insurance Company policy No. 84601-H and the payment of the premiums as hereinbefore stated shall constitute substitution and acceptance by the insured of the policy as of July 1, 1929, for

the said American Benefit Life Insurance Company policy.''

''The Contract: This policy and the application, a copy of which is attached, constitute the entire contract between the parties.''

The assured accepted the new policy and continued to pay the premiums thereon until January 14, 1930, when he died of influenza and pneumonia.

But two pleas were filed to the declaration, one being the general issue and the other a special plea in which it is averred that the assured obtained defendant's policy by fraud and circumvention in that he warranted in the application that he did not have or had not had or had never been treated for any liver disease; that he had in fact had a liver disease and had been treated for the same.

Defendant in the court below made a motion to quash the summons for an irregularity as to the date of service. The court overruled the motion and it is strenuously insisted that the court had no jurisdiction over the person of the defendant. Whatever merits there may be in this contention they cannot be availed of for the reason that defendant filed its pleas and submitted its person to the jurisdiction of the court.

The application for the original insurance in the American Benefit Life Insurance Co. was signed ''Vernon Asa Black by Grace Belle Black.'' This was the only application made and was attached to and made a part of the policy issued by appellant. It is claimed that appellee cannot recover because no proof was made establishing her authority to sign the assured's name to the application as his agent. There was no plea denying the execution of the application. The only person who can question the authority of his agent is the principal. The agency was fully proved by the fact that the policy was issued on the application to the assured who received it and paid premiums

thereon; also section 19 of "An Act to organize and regulate the business of life insurance," Cahill's St. ch. 73, ¶ 342 (Smith-Hurd Stat. ch. 73, paragraph 231) provides: "It shall be lawful for any married woman, by herself and in her own name, or in the name of any third person, with his assent as her trustee, to cause to be insured for her sole use, the life of her husband, for any definite period or for the term of his natural life, etc."

It is next urged that the assured made a false statement as to his having had, and being treated for, some disease of the liver. The basis for this contention is the death certificate issued by the doctor who attended him during his last illness. This death certificate is not abstracted but by going to the record (which we are not required to do) we find that the cause of death was certified as follows: "Influenza, gastro intestinal type. Pneumonia last 3 days and Cardiac failure. (Duration) 28 ds. Contributory (Secondary) Cirrhosis of Liver. Estimated (Duration) 3 yrs." There was no autopsy. The witness who executed this certificate, in answer to the question what did he base his estimate of three years on testified: "I estimated the three years because I don't know by actual knowledge, because I didn't examine him to tell by actual knowledge whether he had cirrhosis of the liver before or he didn't. I couldn't tell the difference, that is always— these cases develop in a short time and sometimes takes a long time. I couldn't tell. I just merely put the estimate, that is all. The liver had become smaller, but he didn't exhibit or show any of the usual symptoms exhibited in advanced cases of cirrhosis, and was no symptom evident at that time, even though during this last illness, I have no knowledge of the presence of cirrhosis before. It may have developed in a short time, or may have taken a long time, so that it hasn't advanced far enough to be effective in his death, not

causing his death. As to the fact the liver was smaller, being sufficient on which to diagnose the fact he had cirrhosis of the liver, at that time it may have been, some of those symptoms may have been due to it, or may not, I was not certain about it."

Another physician who examined the assured in consultation stated he made a thorough examination of the patient and found no indication of cirrhosis of the liver. The evidence further showed that the duration of cirrhosis of the liver varied from several years to a few months and that the liver in a human body normally varies on an average of 40 to 50 ounces in the male adult and that in cirrhosis of the liver the size of the liver might become smaller or might become larger due to different causes. In fact the statement in the certificate of death in regard to the assured having cirrhosis of the liver seems to have been a voluntary statement unsubstantiated by any recognized symptom or proven fact.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*